IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M. CASTRO,<br><br>　　　　　Defendant. | NO. 1:09-cv-01545-AWI-MJS-PC<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DENIED LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>RESPONSE DUE IN THIRTY DAYS<br><br>(Doc. 1) |

　　　Plaintiff Michael Gonzales, CDC number D-81011, is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison.

　　　This action proceeds on an original complaint filed September 1, 2009. Plaintiff sued defendant Correctional Officer (C/O) M. Castro, an employee of the CDCR at Corcoran State Prison, relating to events at the Prison.

　　　Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the Prison Litigation Reform Act. That act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. §

1915(g).

This plaintiff has, on three prior occasions, brought civil actions challenging the conditions of his confinement. All three were dismissed for failure to state a claim upon which relief could be granted. Gonzales v. Galaza, at al., 1:00-cv-06028 AWI HGB PC (E. D. Cal)(dismissed on June 15, 2001); Gonzales v. Gadsden, et al., 1:04-cv-05491 OWW LJO PC (E.D. Cal.)(dismissed on December 11, 2006,); and Gonzales v. Vikjord, et al., 1:05-cv 01568 OWW WMW PC (E. D. Cal.)(dismissed on July 8, 2008,). Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious injury.

Plaintiff's statement of facts consists of an approximately one page narrative appearing to claim excessive force, retaliation, threats and limited law library access. Plaintiff alleges that on June 23, 2009, C/O Castro, the sole defendant in this action, subjected plaintiff to excessive force by shoving plaintiff's food tray through the food port in plaintiff's cell, hitting plaintiff in the face, breaking his tooth and causing other injuries. Plaintiff asked for a video interview and for medical treatment. Castro threatened plaintiff "he would beat me with a flashlight like him and Vikjord did before." (Compl., 4:10.) Plaintiff was treated the next day. (Compl., 4:12.) Plaintiff alleges that Castro "had also been torturing me by medicating my meals" and denying him mail and family communication. (Compl., 4:15.) Reportedly, Castro also censored plaintiff's legal mail and prevented him from getting commissary and hygiene products. (Compl., 4:16-17.) Plaintiff alleges that on July 30, 2009, Castro "threatened that he would get me again for being a rat. He still works the security housing units and other officers are still retaliating against me for him." (Compl., 4:21.) Plaintiff alleges generally that "the prison" is interfering with litigation of his claim, and that "this issue is a threat to the safety of plaintiff." (Compl., 5:4.)

In Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007), the Ninth Circuit adopted the view that "requiring a prisoner to 'allege [ ] an ongoing danger' - the standard adopted by the Eighth Circuit - is the most sensible way to interpret the imminency requirement." Id. at 1056,

2

citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 2003).  Andrews held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is on-going.  The plaintiff in Andrews alleged facts indicating a particular threat, i.e., the threat of contagious diseases, in violation of the Eighth Amendment prohibition against cruel and unusual punishment.  The complaint in Andrews recounted in detail how the plaintiff was exposed to the particular danger.

     Here, plaintiff names one defendant who he says subjected plaintiff to a single incident of excessive force, allegedly continues to cause others to retaliate against plaintiff, and medicates his meals.  The alleged acts of continued retaliation are not specified; nothing indicates they are such as to constitute a real danger to plaintiff or even an ongoing threat.  The allegation regarding medication of food is also vague and unsupported by any facts suggesting that such a practice is in reality taking place.  Plaintiff's conclusory allegation that "this issue presents a threat to the safety of plaintiff" or his allegation that Castro threatened him with a beating do not constitute specific facts indicating imminent danger from an on-going harm.  Essentially, plaintiff alleges one assault followed by a threat without any specific acts towards carrying it out.

     The U.S. Supreme Court, in addressing the pleading standards set forth in Bell Atlantic Cor. v. Twombly, 550 U.S. 544 (2007),  recently held that

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' '[D]etailed factual allegations' are not required, Twombly, 550 U.S., at 555, 127 S.Ct. 1955, but the Rule does call for sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face,' id., at 570, 127 S.Ct. 1955.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009).   Plaintiff has not alleged facts that satisfy the standard set forth in 28 U.S.C. § 1915(g) or specific facts indicating that he is subject to realistic risk of  on-going harm.  Plaintiff is therefore not entitled to proceed in forma pauperis.

     Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied pursuant to 28 U.S.C. §

3

1915(g).

    2. Plaintiff be directed to pay the $350 filing fee in full or suffer dismissal of this action for failure to prosecute pursuant to Local Rule 110.

    These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

Dated:   June 8, 2010                             /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE