1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9    MICHAEL GONZALES,                              CASE NO. 1:09-cv-1545-AWI-MJS (PC)

10                        Plaintiff,               ORDER ADOPTING FINDINGS AND
                                                   RECOMMENDATIONS AND ORDERING
11         v.                                      PLAINTIFF TO PAY FILING FEE WITHIN
                                                   THIRTY DAYS
12    M. CASTRO,
                                                   (ECF No. 4)
13                        Defendant.
                                              /
14    _____

15        Plaintiff Michael Gonzales is a state prisoner proceeding pro se in this civil rights action

16   seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge

17   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

18        The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil

19   action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or

20   detained in a facility, brought an action or appeal in a court of the United States that was dismissed

21   on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be

22   granted, unless the prisoner is under imminent danger of serious injury."  28 U.S.C. § 1915(g).

23        This Plaintiff has, on at least three prior occasions, brought civil actions challenging the

24   conditions of his confinement.  At least three actions were dismissed as frivolous or for failure to

25   state a claim upon which relief can be granted.  See, e.g., Gonzales v. Galaza, et al., 1:00-cv-6028-

26   AWI-HGB (PC) (E.D. Cal.) (dismissed on June 15, 2001); Gonzales v. Gadsden, et al., 1:04-cv-

27   5491-OWW-LJO (PC) (E.D. Cal.) (dismissed on December 11, 2006); and Gonzales v. Vikjord, et

28   al., 1:05-cv-15668-OWW-WMW (PC) (E.D. Cal.) (dismissed on July 8, 2008).  Plaintiff is therefore

1

1  not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent

2  danger of serious physical injury.  28 U.S.C. § 1915(g).

3          On June 9, 2010, the magistrate judge entered Findings and Recommendations[1],

4  recommending that Plaintiff be denied in forma pauperis status and that Plaintiff be directed to

5  submit the $350 filing fee in full.  (ECF No. 4.)  The magistrate judge found that Plaintiff had failed

6  to allege specific facts showing that he was in imminent danger of serious physical harm at the time

7  the complaint was filed.

8          Plaintiff has filed objections to the magistrate judge's Findings and Recommendation.  (ECF

9  No. 5.)  Plaintiff argues that he has alleged sufficient facts to show he is in imminent danger;

10  therefore, he should be allowed to proceed in forma pauperis.  Attached to his objections was nearly

11  one hundred pages of documentation which he alleges support his claim of imminent danger.

12          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73-305, this

13  Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the

14  Court finds the Findings and Recommendations to be supported by the record and proper analysis.

15  Much of the evidence presented by Plaintiff relates to incidents that do not involves the only

16  Defendant in the above-captioned action and are, therefore, irrelevant here.  Moreover, while the

17  evidence shows that Plaintiff has had a number of physical encounters with correctional officers over

18  his long incarceration, these events are sporadic.  Nothing in Plaintiff's documentation shows that

19  he was in "imminent danger of serious physical injury" at the time his complaint was filed.  Andrews

20  v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  Thus, based on this prior litigation history, he

21  is not eligible to proceed in forma pauperis.  28 U.S.C. § 1915(g).

22          Accordingly, THE COURT HEREBY ORDERS that:

23          1. The Findings and Recommendations issued by the Magistrate Judge on June 9, 2010, are

24  adopted in full; and

25  _____

26          [1] The magistrate judge's Findings and Recommendation was erroneously titled as an Order to Show Cause.
    The body of the document, however, makes clear that the magistrate judge was recommending that the Court deny
27  Plaintiff in forma pauperis status.  The document was also clear that Plaintiff had thirty days to file objections to the
    Findings and Recommendation.  (ECF No. 4 at 4.)  The fact that Plaintiff then filed a document entitled "Objections
28  to Findings and Recommendations of Magistrate Judge" shows that he was not confused by the erroneous title.
    (ECF No. 5.)

1    2.  Plaintiff is denied permission to proceed in forma pauperis pursuant to 28 U.S.C. §

2  1915(g);

3    3.  Plaintiff is directed to submit the $350 filing in full within thirty days of the date of

4  service of this order.  Plaintiff's failure to do so will result in dismissal of this action pursuant to

5  Local Rule 11-110 for failure to prosecute.

6

7  IT IS SO ORDERED.

8
   Dated:    August 24, 2010                                        _____
9                                                         CHIEF UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28